IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEWART T.,[1]

    **Plaintiff,**

v.                                                                                    Civil Action No. 3:22cv612

MARTIN O'MALLEY,[2]
*Commissioner of the*
*Social Security Administration,*

    **Defendant.**

## FINAL MEMORANDUM ORDER

This matter comes before the Court on Plaintiff's Objection, (ECF No. 22), to the Magistrate Judge's Report and Recommendation ("R&R"), (ECF No. 21). In his objection, Plaintiff argues that Administrative Law Judge ("ALJ"), and by extension the Magistrate Judge, erred in evaluating the opinions of Dr. Hutcheson, a state agency medical consultant, and N.P. Nyeche, a consultative examiner, resulting in an erroneous residual functional capacity ("RFC") determination. (ECF No. 22, at 1–2; *see also* ECF No. 15, at 6 ("[T]he ALJ failed to properly evaluate the reaching and handling limitations reported by both examining and non-examining medical sources. This led the ALJ to erroneously find Plaintiff was capable of performing his past relevant work. This is error."))

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States recommends that, due to significant privacy concerns in social security cases, federal courts refer to a claimant only by his or her first name and last initial.

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he has been substituted for Acting Commissioner Kilolo Kijakazi as Defendant in this action. No further action need be taken to continue this suit. 42 U.S.C. § 405(g).

"The purpose of magistrate [judge] review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (citing *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). "[T]o preserve the district court's role as the primary supervisor of magistrate judges," a party "may raise objections with the magistrate judge's report." *Id.* (citing *Midgette*, 478 F.3d at 621). "[T]he objection requirement is designed to allow the district court to 'focus on specific issues, not the report as a whole.'" *Id.* (quoting *Midgette*, 478 F.3d at 621). Accordingly, "objections must be specific and particularized." *Id.* "'A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.'" *Id.* (quoting *Tyler v. Wates*, 84 F. App'x 289, 290 (4th Cir. 2003)). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purpose of district court review." *Id.* (quoting *Abou-Hussein v. Mabus*, No. 2:09-1988, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010), *aff'd*, 414 F. App'x 518 (4th Cir. 2011)). Instead, proper "objections must respond to a specific error in the [R&R]." *Overstreet v. Berryhill*, No. 7:16cv585, 2018 WL 1370865, at *1 (W.D. Va. Mar. 16, 2018).

Plaintiff's objections present nothing more than a "rehashing of the arguments" that he raised in his Motion for Summary Judgment. *See Nichols*, 100 F. Supp. 3d at 497; (*see* ECF No. 15, at 6–11.) He has not "respond[ed] to a specific error" in the R&R. *See Overstreet*, 2018 WL 1370865, at *1. Instead, he simply explains why he disagrees with the Magistrate Judge's decision based on grounds identical to arguments he raised in his Motion for Summary Judgment. Thus, the Court finds *de novo* review of the Magistrate Judge's R&R unnecessary and reviews the R&R for clear error only. *See Lee v. Saul*, No. 2:18cv214 (MSD), 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019). Having reviewed the record, and finding no clear error, the Court ORDERS that:

(1) Plaintiff's Objections to the R&R, (ECF No. 22), are OVERRULED;

(2) The R&R, (ECF No. 21), is ADOPTED on the basis of the reasoning in the R&R;

(3) Plaintiff's Motion for Summary Judgment, (ECF No. 14), is DENIED;

(4) The Commissioner's Motion for Summary Judgment, (ECF No. 17), is GRANTED; and,

(5) The Commissioner's decision is AFFIRMED.

It is SO ORDERED.

Date: 3/7/2024
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge